Singh v. Sessions

BIA
Christensen, IJ
A200 777 599

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand seventeen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

RUPINDER SINGH,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

15-4147
NAC

_____

FOR PETITIONER:         Genet Getachew, Brooklyn, N.Y.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Jesse

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Matthew Bless, Senior Litigation Counsel; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rupinder Singh, a native and citizen of India, seeks review of a November 24, 2015, decision of the BIA affirming a May 28, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Rupinder Singh*, No. A200 777 599 (B.I.A. Nov. 24, 2015), *aff'g* No. A200 777 599 (Immig. Ct. N.Y. City May 28, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies between his statements and other evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted) (emphasis in original). For the reasons that follow, we conclude that substantial evidence supports the agency's determination that Singh was not credible.

First, the credibility determination is supported by the inconsistencies between Singh's testimony and supporting affidavits regarding who intervened to save him and who was

3

present at the March 2010 attack. *See Xiu Xia Lin*, 534 F.3d at 163-64. Singh testified that two friends rushed out of a nearby building to save him: one friend, Harpreet, attempted to stop his attackers; and his other friend, Harjit, drove him away on a motorbike. However, Harpreet's affidavit made no mention of being present and trying to stop Singh's attackers, and Harjit's affidavit made no mention of being present and rescuing Singh on his motorbike. The IJ was not compelled to accept Singh's explanation that these details were omitted because people are sometimes afraid to tell the truth. *See Majidi*, 430 F. 3d at 80.

Second, the agency reasonably based the credibility determination on the inconsistency between Singh's testimony and his application statement about where he went after the May 2010 attack. *See Xiu Xia Lin*, 534 F.3d at 163-64. Singh testified that he went to his uncle's house and hid for nearly two months. Singh's application, however, stated that he was afraid to return to his uncle's house and instead stayed with a friend. When asked to explain this discrepancy, Singh said for the first time that he stayed with his uncle and then stayed with his friend. The IJ was not compelled to accept this explanation because it was inconsistent with Singh's prior

4

testimony.  *See Majidi*, 430 F.3d at 80.

Third, the IJ reasonably found Singh's credibility further undermined by the striking similarity between Harpreet's and Harjit's affidavits.  *Cf. Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 526 (2d Cir. 2007).  Singh does not challenge this finding on appeal, and therefore it stands as a valid basis for the credibility determination.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Lastly, the agency reasonably determined that Singh's documentary evidence did not rehabilitate his credibility.  An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular evidence is viewed as suspicious, or "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  As noted above, Harpreet's and Harjit's affidavits contained striking similarities, and the agency reasonably questioned their authenticity.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that

the weight accorded to documentary evidence lies largely within the agency's discretion).  And the agency did not err in finding that Singh's remaining affidavits from his parents and a friend were entitled to little weight because they were from witnesses not available for cross-examination.  *See In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given the agency's foregoing findings regarding inconsistency and corroboration, the totality of the circumstances supports the IJ's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 165-66.  A reasonable adjudicator would not be compelled to conclude otherwise.  *See id.* at 167.  Despite Singh's arguments to the contrary, these inconsistencies were not minor and went to the very heart of Singh's claim of past persecution.  The credibility finding is dispositive of the claim for withholding of removal and the claim for CAT relief because both claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk